UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY T. ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>LUIS CHAPPA; BLACKFOOT POLICE DEPARTMENT; CINDY GOING; JASON R. CHANDLER; DAREN B. SIMPSON; OFFICER BRAVO; OFFICER ONEIDA; BINGHAM COUNTY JAIL AND SHERIFF'S DEPARTMENT; and BINGHAM COUNTY,<br><br>        Defendants. | Case No. 1:20-cv-00200-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Zachary T. Allen is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Initial Review Order, Dkt. 6.

Plaintiff has now filed an Amended Complaint. Dkt. 7. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this

case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.  **Screening Requirement**

    As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.  **Pleading Standard**

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Discussion**

    A.  *Civil Rights Claims*

    Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

      i.      <u>Most of Plaintiff's Civil Rights Claims Are Barred by *Heck v. Humphrey*</u>

The Court explained in the Initial Review Order that Plaintiff's claims relating to his criminal conviction appeared subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which bars a civil rights claim if success on that claim would necessarily imply the invalidity of a criminal conviction that has not previously been invalidated. The Amended Complaint does not show that Plaintiff's forgery conviction has been called into question such that a civil rights claim could proceed under *Heck*, nor has Plaintiff explained how success on most of his civil rights claims would not imply the invalidity of that conviction.

Plaintiff also does not purport to seek injunctive relief, such that the Court could construe the Amended Complaint as a habeas corpus petition. *See generally Am. Compl.*, Dkt. 7.[1] Therefore, Plaintiff's *Heck*-barred claims are implausible—and the allegations

---

[1] Another reason why the Court does not construe the Amended Complaint as a habeas petition is that Plaintiff has also filed a separate habeas petition challenging his conviction. *See Allen v. Christensen*, 1:20-

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3

implying the invalidity of Plaintiff's conviction fail to state a claim upon which relief may be granted—because the Amended Complaint presents an "obvious bar to securing relief under *Heck*." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016) (internal quotation marks omitted).

        ii.       <u>Plaintiff's Remaining Civil Rights Claims Are Also Implausible</u>

The only § 1983 claims that, if successful, would not imply the invalidity of Plaintiff's conviction are his claims that Defendants (1) harassed him with racial epithets, and (2) pushed him up against a wall. The first claim implicates the Fourteenth Amendment's Equal Protection Clause, and the second implicates the Fourth Amendment.

        a)       *Equal Protection Claim*

The Fourteenth Amendment guarantees equal protection of the law. The purpose of the Equal Protection Clause "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal citation and quotation marks omitted). Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

---

cv-00217-BLW (D. Idaho) (pending). Thus, Plaintiff plainly intended to file the instant case as a civil rights complaint, not a habeas petition.

Even where similarly situated persons are treated differently by the state, "state action is presumed constitutional and 'will not be set aside if any set of facts reasonably may be conceived to justify it.'" *More v. Farrier*, 984 F.2d 269, 271 (9th Cir. 1993) (quoting *McGowan v. Maryland*, 366 U.S. 420, 426 (1961)). Absent evidence of invidious discrimination, the federal courts should defer to the judgment of prison officials. *See id*. at 277; *Youngbear v. Thalacker*, 174 F. Supp. 2d 902, 916 (D. Iowa 2001) ("There can be no 'negligent' violations of an individual's right to equal protection.... There is no evidence from which the court may infer that the defendants' asserted reasons for delaying the construction of a sweat lodge at the [prison] were a pretext for discrimination.").

Equal protection claims alleging disparate treatment or classifications generally are subject to a heightened standard of scrutiny if they involve a "suspect" or "quasi-suspect" class, such as race, national origin, or sex, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. *See, e.g., City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). Otherwise, equal protection claims are subject to a rational basis inquiry, in which case "the Equal Protection Clause requires only a rational means to serve a legitimate end." *Id*. at 442.

Because inmates are not a protected class under the Equal Protection Clause, their equal protection claims are generally subject to rational basis review. *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998). In a rational basis analysis, the relevant inquiry is whether the defendants' action is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir. 1987) (quotation omitted). A plaintiff can prevail under rational basis review only if (1) he

is similarly situated with persons who are treated differently by a governmental official, and (2) the official has no rational basis for the disparate treatment. Moreover, an additional layer of deference to prison officials is usually required under *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), which holds that a prison regulation is constitutional so long as it is reasonably related to a legitimate penological purpose. *See Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) ("In the prison context, ... even fundamental rights such as the right to equal protection are judged by a standard of reasonableness—specifically, whether the actions of prison officials are reasonably related to legitimate penological interests." (quotation omitted)).

However, race-based classifications involving inmates are not subject to rational basis review or the deferential *Turner* inquiry. Instead, such classifications are governed by a strict scrutiny analysis. *Johnson v. California*, 543 U.S. 499, 507 (2005). "Under strict scrutiny, the government has the burden of proving that racial classifications are narrowly tailored measures that further compelling governmental interests." *Id*. at 505 (internal quotation marks omitted).

Though the Court in no way condones the repugnant use of racial slurs, such language alone does not give rise to a constitutional deprivation under § 1983. *See Partee v. Cook Cty. Sheriff's Office*, 863 F. Supp. 778, 781 (N.D. Ill. 1994) ("[A]llegations of verbal threats, racial epithets, and continued harassment by [defendants] do not give rise to an actionable claim for relief under § 1983."); *Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y.1998) (dismissing claims based on racial slurs because "verbal harassment or profanity alone, … no matter how inappropriate, unprofessional, or reprehensible it might

seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983") (internal quotation marks omitted). Therefore, Plaintiff's equal protection claim must be dismissed.

### b) Fourth Amendment Excessive Force Claim

Claims of excessive force asserted by pretrial detainees are analyzed under the Fourth Amendment, which prohibits unreasonable searches and seizures. Arresting officers may use only an amount of force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal quotation marks omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," and whether an officer's use of force was objectively reasonable is based on the totality of the circumstances. *Id.* at 396 (internal quotation marks and citation omitted).

This objective reasonableness standard requires that a Court "balanc[e] the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake," which involves several factors. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053-54 (9th Cir. 2007). First, the "quantum of force" must be assessed. Second, the governmental interests at stake must be analyzed in light of the following: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Id.*

Plaintiff's bare statement that he was pushed up against a wall is insufficient to state a plausible excessive force claim under the Fourth Amendment. This general allegation is insufficient to raise a reasonable inference that pushing Plaintiff against the wall was objectively unreasonable given the circumstances facing the deputies at the time. Thus, Plaintiff's Fourth Amendment claim must be dismissed.

### B. State Law Claims

Plaintiff also cites various Idaho state statutes in the Amended Complaint, such as statutes contained in Titles 18 and 19 of the Idaho Code, which are the state's criminal code and code of criminal procedure, respectively. *See generally Am. Compl.*, Dkt. 7. Plaintiff's state law claims are implausible because these statutes do not create a private right of action.

The Idaho Supreme Court has explained the analysis a court must undertake to determine whether a private cause of action exists:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and *needed to assure the effectiveness of the provision*, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

*Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 421 (Idaho 1996) (relying on Restatement (Second) of Torts § 874A). The Idaho Supreme Court held in *Yoakum* that there was no private right of action under certain Idaho criminal statutes. The court relied on the following factors: (1) the statutes were intended to protect the general public; (2) the

statutes provided for a criminal punishment; (3) there was no indication that the legislature intended to create a private cause of action, and (4) there was no indication that providing an additional civil remedy was necessary to assure the effectiveness of the statutes. *Id.*

Similar reasoning exists here with respect to the state statutes cited in the Amended Complaint. As in *Yoakum*, there is no indication that the Idaho Legislature intended to create a private right of action under those statutes or that an additional civil remedy is necessary to ensure the statutes' effectiveness. Because Idaho has not created a private right of action under any of those statutes, Plaintiff's state law claims must be dismissed.

4.   **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED** that, for the reasons stated in this Order and the Initial Review Order (Dkt. 6), the Amended Complaint fails to state a claim upon which relief may be granted. Therefore, this entire case is DISMISSED, with prejudice in part and without prejudice in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Plaintiff's

*Heck*-barred claims are dismissed without prejudice, and his remaining claims are dismissed with prejudice.

DATED: August 18, 2020

_____
David C. Nye
Chief U.S. District Court Judge